UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC LEE BOUIE,<br><br>Plaintiff,<br><br>v.<br><br>AHMED ALZAYAKI, *et al*.,<br><br>Defendants. | Case No. 25-10132<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**(ECF NO. 13)**

Plaintiff Eric Lee Bouie sues the Oakland County Sheriff's Department and two of its deputies under 42 U.S.C. § 1983, alleging that they violated his constitutional rights. ECF No. 1. The Honorable Linda V. Parker referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8.

On March 7, 2025, Bouie moved for a default judgment against all defendants, claiming that the time for defendants to timely answer his complaint had expired. ECF No. 13, PageID.41. His motion lacks merit for two reasons. First, no clerk's entry of default has been entered as required under Federal Rule of Civil Procedure 55. *See ProAmpac Holdings, Inc. v.*

*First Source, LLC*, No. 1:20-CV-417, 2021 WL 2334288, at *1 (S.D. Ohio June 8, 2021) ("A party may seek a default judgment under Rule 55(b)(1) after the Clerk has issued an entry of default under Rule 55(a).").

And Bouie has no grounds to seek a default under Rule 55(a). The summons of service was returned executed on March 20, 2025, and defendants' answer was due on April 2, 2025. ECF No. 16. Defendants answered Bouie's complaint on March 31, 2025, before the due date. ECF No. 20.

So Bouie's motion for default judgment should be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: April 1, 2025   United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 1, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
