UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC LEE BOUIE,

Plaintiff,

v.

AHMED ALZAYAKI, *et al*.,

Defendants.

Case No. 25-10132
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

---

**ORDER DENYING PLAINTIFF'S**
**MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**(ECF NO. 21)**

---

Plaintiff Eric Lee Bouie sues the Oakland County Sheriff's

Department and two of its deputies under 42 U.S.C. § 1983, alleging that

they violated his constitutional rights.  ECF No. 1.  The Honorable Linda V.

Parker referred the matter to the undersigned for all pretrial matters under

28 U.S.C. § 636(b)(1).  ECF No. 8.

Bouie moved to strike defendants' affirmative defenses.  ECF No. 21.

"The court may strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ P.

12(f).  Although considered a drastic remedy that is disfavored, striking a

pleading is appropriate to "avoid the expenditure of time and money that

must arise from litigating spurious issues." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co*., 783 F.3d 1045, 1050 (6th Cir. 2015) (internal quotation marks omitted).  Thus, "[a] motion to strike should be granted if it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings."  *Id*. (internal quotation marks omitted).

Bouie argues that defendants cannot assert affirmative defenses because a default judgment has been entered against them for failure to file a timely response.  But no clerk's entry of default has been entered. And the Court found that defendants' response was timely and recommended that Bouie's motion for default be denied.  ECF No. 22. Bouie also argues that defendants' affirmative defenses fail as a matter of law.  ECF No. 21, PageID.77-79.  Although Bouie presents arguments challenging the merits of defendants' defenses, he has not shown "to a certainty" that defendants are legally unable to prove their defenses.  *See Operating Engineers*, 783 F.3d at 1050.

Thus, the Court **DENIES** Bouie's motion to strike defendants' affirmative defenses.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 4, 2025

## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2025.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager
