UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC LEE BOUIE, <br><br> Plaintiff, <br><br> v. <br><br> AHMED ALZAYADI, *et al.*, <br><br> Defendants. | Case No. 25-cv-10132 <br> Honorable Linda V. Parker <br> Magistrate Judge Elizabeth A. Stafford |

### ORDER ABOUT DISCOVERY

During a status conference held on July 21, 2025, Defendants Ahmed Alzayadi and Jorge Landeros argued that Plaintiff Eric Lee Bouie has not adequately responded to their discovery requests. Bouie, in turn, claimed that defendants failed to respond to his own discovery requests. The Court's efforts to resolve the disputes informally during the status conference were unsuccessful, so the parties' discovery disputes must be resolved through motion practice. Any such motion must be signed under Federal Rule of Civil Procedure 26(g). The movant must also seek concurrence in the relief requested from the opposing party under E.D. Mich. LR 7.1, and/or meet and confer "in a good faith effort to narrow...the

areas of disagreement to the greatest possible extent," as required under E.D. Mich. LR 37.1.

In pursuing discovery, the parties must comply with both the Federal Rules of Civil Procedure and the following guidance. The parties' arguments in any motions to compel discovery must address relevance to a specific claim or defense, and the proportionality factors under Rule 26(b)(1). *See Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (describing the collective duty of the parties and courts to consider proportionality in resolving discovery disputes). The Court will reject any argument that relies on the language of Rule 26(b)(1) before it was amended in 2015 or caselaw that interprets that outdated language. *See Weidman v. Ford Motor Company,* No. CV 18-12719, 2021 WL 2349400, at *3 (E.D. Mich. June 9, 2021); *Cratty v. City of Wyandotte*, 296 F. Supp.3d. 854, 858 (E.D. Mich. Nov. 8, 2017).

A party requesting documents must describe each request with reasonable particularity. Fed. R. Civ. P. 34(b)(1)(A). A document request should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive." *United States v. Quicken Loans, Inc.*, No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018). Courts have long condemned omnibus "any and all" document

requests.  *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-388 (2004) (document requests asking "for everything under the sky" were "anything but appropriate"); *Effyis, Inc. v. Kelly*, No. 18-13391, 2020 WL 4915559, at *2 (E.D. Mich. Aug. 21, 2020) (finding the defendant's exceptionally broad discovery requests violated Fed. R. Civ. P. 26(g)).

The rules also require objections to interrogatories and requests for production of documents to be made with specificity.  Fed. R. Civ. P. 33(b)(4) & 34(b)(2).  A party objecting to a request for production of documents as burdensome must support that objection with affidavits, other evidence, or enough information to allow the Court to make a common-sense judgment.  *In re Heparin Products Liab. Litig.*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011); *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743-44 (8th Cir. 2018).  The responding party is also warned, "Boilerplate objections are legally meaningless and amount to a waiver of an objection." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-10 (E.D. Mich. 2018).  And "a party cannot cloak its answers in without-waiving objections."  *Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc.*, No. 5:13-CV-15-GNS-LLK, 2015 WL 4068457, at *3 (W.D. Ky. July 2, 2015).  In other words, "[a] party either objects to production or produces.  If it produces, the objections are generally deemed waived." *Riley v. NewPenn*

3

*Kilt, LLC*, No. 518CV00014TBRHBB, 2020 WL 59838, at *2 n.1 (W.D. Ky. Jan. 6, 2020).

The Court will not tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position. *See Lucas v. Protective Life Ins. Co.*, No. CIV.A.4:08CV00059-JH, 2010 WL 569743, at *3 (W.D. Ky. Feb. 11, 2010) (rejecting argument that underwriting materials were not discoverable based upon the insurer's "unilateral decision that these other guidelines are not relevant to the claims and defenses in this action"); *Johnson v. Serenity Transp., Inc.,* No. 15-CV-02004-JSC, 2016 WL 6393521, at *2 (N.D. Cal. Oct. 28, 2016) ("A party cannot unilaterally decide that there has been enough discovery on a given topic.").

Of note, to the extent that a responding party claims privilege, it must provide a privilege log as described in Fed. R. Civ. P. 26(b)(5)(A)(ii).

Also bearing emphasis is Rule 26(a)(2)(A)'s requirement that "a party must disclose to the other parties the identity of any [expert] witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Disclosures are required for each expert, regardless of whether the expert has been specially retained to provide expert testimony. Rule 26(a)(2)(B) & (C). And "[t]reating physicians who are testifying about their

4

diagnoses and treatment of a plaintiff are almost certainly relying upon their specialized training and knowledge, so the subject matter of their testimony and a summary of the facts opinions to which they will testify are required under Rule 26(a)(2)(C)." *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich. 2017).  Here, Bouie's expert disclosures are due on October 2, 2025, and defendants' are due on November 3, 2025.  ECF No. 28.

**The parties are warned that failure to engage in cooperative discovery or other violations of the discovery rules or court orders may give rise to sanctions, including a recommendation to involuntarily dismiss the case.**

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: July 21, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 21, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
