UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC LEE BOUIE

        Plaintiff,                Case No. 25-cv-10132
                                      Honorable Linda V. Parker
                                        Magistrate Judge Elizabeth A. Stafford

v.

AHMED ALZAYADI et al.

        Defendants.
_____/

## OPINION AND ORDER

Plaintiff initiated this Section 1983 action on January 13, 2025.  (ECF No. 1.)  In his amended complaint, Plaintiff alleges that Defendants violated his Fourth and Fourteenth Amendment rights by entering into his home absent exigent circumstances and conducting an unlawful search and seizure.  (ECF No. 51.)  On December 9, 2025, Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 53.)  The motion is fully briefed.  (ECF Nos. 59 & 62.)  The matter has been assigned to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 8.)

On April 2, 2026, Magistrate Judge Stafford issued a report and recommendation ("R&R") recommending that the Court grant in part and deny in part Defendants' motion to dismiss.  (ECF No. 66.)  Specifically, Judge Stafford concluded that: (1) Plaintiff's claims against the Oakland County Sherriff's Department should be dismissed, as government agencies are not legal entities that can be sued under 42 U.S.C. § 1983; (2) Plaintiff's official capacity claims are redundant and the proper defendant is Oakland County; (3) Plaintiff failed to state a plausible *Monell* claim against Oakland County; (4) Plaintiff's Fourteenth Amendment claim should be dismissed because Plaintiff failed to state a plausible due process violation; and (5) Plaintiff's claims against John Doe deputies and supervisors should also be dismissed, as Plaintiff failed to amend his complaint to reflect any discovered identities before the established 120-day deadline.  (ECF No. 66, PageID.865-71.)

Accordingly, Magistrate Judge Stafford recommended that Defendants' motion be granted in part and denied in part, which would leave Plaintiff's unlawful search and seizure claim (Count I) and failure to intervene claim (Count II) against Defendants Alzayaki, Landersos, and Salyeres.  (*Id.* at PageID.872.)  At the end of the R&R, Magistrate Judge Stafford advised the parties that they could object to and seek review of the R&R within fourteen days of service upon them. On April 15, 2026, Judge Stafford signed a stipulated order suspending the

scheduling order and extending the deadline to file objections.  (ECF No. 67.)

Both parties filed timely objections to the R&R on April 24, 2026, (ECF Nos. 68 &

69) and subsequently filed responses to those objections. (ECF Nos. 71, 72 & 73-

1.)

## I. Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive

matter, the Court "make[s] a *de novo* determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1).  A general objection, or one that does nothing more than

disagree with a magistrate judge's determination or summarize what has been

presented before, is not considered a valid objection.  *Howard v. Sec'y of Health

and Human Servs*., 932 F.2d 505, 508-09 (6th Cir. 1991).  The Court, however, "is

not required to articulate all of the reasons it rejects a party's objections."  *Thomas

v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A

party's failure to file objections to certain conclusions of the R&R waives any

further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers

Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to

certain conclusions in the magistrate judge's report releases the Court from its duty

to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149

(1985).

## II. Analysis

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007) ("A district court considering a defendant's motion to dismiss under Rule 12(b)(6) must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's allegations as true."). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, a court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

**A. Defendants' Objections**

Defendants proposed four objections to Magistrate Judge Stafford's report and recommendation.  (*See* ECF No. 68.)  The Court will address each objection in turn.

### Objection #1

For their first objection, Defendants argue that Magistrate Judge Stafford erred in concluding that she did not need to consider the Defendants' body camera footage when evaluating their motion to dismiss.  (ECF No. 68, PageID.885-91.)  When deciding on a motion to dismiss, a court may consider video evidence if it is referenced in the complaint and is central to the claims contained therein.  *Bassett*, 528 F.3d at 430.  However, the Sixth Circuit has held that courts may only consider video footage when the video is "clear and 'blatantly contradicts' or 'utterly discredits' the plaintiff's version of events."  *Bell v. City of Southfield*, 37 F.4th 362, 364 (6th Cir. 2022) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)); *see also Hodges v. City of Grand Rapids*, 139 F.4th 495, 509-510 (6th Cir. 2025) (discussing *Bell* and noting that video evidence that does not blatantly contradict or utterly undermine the complaint cannot be considered at the motion to dismiss stage even if it would save time or easily resolve the case.)

In her R&R, Judge Stafford acknowledged that Plaintiff "cited to the video footage extensively in his amended complaint" and that its contents are central to

6

his claims.  (ECF No. 66, PageID.858-59.)  Therefore, the only remaining issue is whether the video blatantly contradicts or utterly discredits Plaintiff's allegations.

Here, the video footage does not blatantly contradict or discredit the facts alleged by Plaintiff. At most, the footage provides additional contextual details that can be interpreted in several ways. Such ambiguity does not constitute a "blatant contradiction." *See Brown v. Giles*, 95 F.4th 436, 441 (6th Cir. 2024) (finding a blatant contradiction where the plaintiff alleged that an officer tased him several times, even after he became incapacitated, but the footage showed that the officer fired the taser only once to disable him.); *see also Harris*, 550 U.S. at 380 (finding that a respondent's version of events was "so utterly discredited" by video footage that "no reasonable jury could have believed him.")

Because the footage could support more than one reasonable inference, it cannot override Plaintiff's factual allegations.  *See, e.g.*, *Hodges*, 139 F.4th at 509 (rejecting the defendants' argument that the court should adopt their perspective-based reading of video footage at the motion to dismiss stage.)  Accordingly, the Court rejects Defendants' objection and finds that Magistrate Judge Stafford did not err in declining to consider the footage.

Objections #2 and #3

For their second and third objections, Defendants argue that Magistrate Judge Stafford erred by not conducting an exigent circumstances analysis as a

7

matter of law.  (ECF No. 68, PageID.892-99.)  But "in a civil action, [a] determination of whether exigent circumstances exist is properly resolved by the jury."  *Hancock v. Dodson*, 958 F.2d 1367, 1375 (6th Cir. 1992) (citing *Jones v. Lewis*, 874 F.2d 1125, 1130 (6th Cir. 1989).  On the rare occasion when the "underlying facts are essentially undisputed" and a factfinder could only reach one conclusion as to the existence of exigent circumstances, the issue may be decided by the trial court as a matter of law. *Hancock,* 958 F.2d at 1375 (citations omitted).

Defendants allege that Magistrate Judge Stafford's reliance on *Hancock* v. *Dodson* is misplaced because *Jones v. Lewis* allegedly rested on a misreading of the Seventh Circuit's decision in *Llaguno v. Mingey*, 763 F.2d 1560 (7th Cir. 1985).  (ECF No. 68, PageID.893-94.)  Defendants also argue that subsequent Seventh Circuit authority, *Bell v. [Irwin]*[1], 321 F.3d 637 (7th Cir. 2003), established that Fourth Amendment reasonableness is a question for judges instead of juries.  This objection fails.

First, neither *Llaguno* nor the Seventh Circuit's analysis in *Bell v. Irwin* is binding on this Court.  Second, *Bell v. Irwin* actually reaffirmed the *Hancock* and *Jones* standard that when material facts are disputed, the disputes are best resolved by a jury.  *See Irwin*, 321 F.3d at 640 ("When material facts are in dispute, then the

---

[1] Defendants cited "*Bell v. Crow*" in their submission, but the provided citation is associated with *Bell v. Irwin*. (ECF No. 68, PageID.894.)

case must go to a jury, whether the argument is that the police acted unreasonably because they lacked probable cause, or that they acted unreasonably because they responded overzealously and with too little concern for safety. But when material facts . . . are undisputed," a jury should not resolve the dispute.)

Third, and most importantly, the Sixth Circuit has consistently held—even after *Llaguno, Jones and Irwin*—that the existence of exigent circumstances in a civil Fourth Amendment case is a jury question. *See Williams v. Maurer*, 9 F.4th 416, 437 (6th Cir. 2021) (finding that a reasonable juror could find that the defendants' warrantless entry was unconstitutional); *see also Carlson v. Fewins*, 801 F.3d 668, 676 (6th Cir. 2015) ("longstanding precedent in this circuit leaves the factual question of exigent circumstances to the jury in a civil case."); *see also Ingram v. City of Columbus*, 185 F.3d 579, 587 (6th Cir. 1999) (citing *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 998 (6th Cir.1994) ("[I]n a civil damage suit, whether exigent circumstances existed to excuse a warrantless arrest is a question for the jury provided that, given the evidence on the matter, there is room for a difference of opinion")).

Here, as evidenced by Plaintiff's amended complaint and Defendants' objections, the facts are disputed and leave room for a difference of opinion. Plaintiff's amended complaint alleges that the interaction was calm and non-threatening, and that Plaintiff did not "otherwise create a situation indicative of

9

exigent circumstances, hot pursuit, or imminent danger." (ECF No. 51, PageID.476.) Defendants suggest otherwise. (ECF No. 68, PageID.889-91.) At the motion to dismiss stage, the Court must accept the complaint's factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Thurman*, 484 F.3d at 859. Accordingly, because the facts are disputed, the Court may not conduct an exigent circumstances analysis as a matter of law.

The Court rejects this objection.

Objection #4

For their fourth objection, Defendants contend that Magistrate Judge Stafford erred by not performing a "complete clearly established analysis," and that if she had, the circumstances would warrant a finding of qualified immunity for the Defendants. (ECF No. 68, PageID.899-901.) However, the Sixth Circuit has suggested that questions related to qualified immunity are best reserved for a motion for summary judgment. *See Moderwell v. Cuyahoga Cty.*, 997 F.3d 653 (6th Cir. 2021) ("Although a defendant's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12.") (citations and internal quotes omitted); *see also Romero v. City of Lansing, Michigan*, 159 F.4th 1002 (6th Cir. 2025) ("Our circuit disfavors granting qualified immunity at the motion-to-dismiss stage. Without any factual development beyond the allegations in a

10

complaint, a court cannot fairly tell whether a case is obvious or squarely governed by precedent.") (citations and internal quotes omitted).

Qualified immunity cannot be granted on a motion to dismiss where the complaint plausibly alleges a violation of clearly established law.  Accepting Plaintiff's allegations as true, the officers conducted a warrantless entry without any legitimate exigency, which violates clearly established Fourth Amendment principles.  Moreover, because the qualified immunity analysis depends on the same unresolved factual questions surrounding the alleged exigency, the Court cannot determine at this stage whether a reasonable officer could have believed the conduct was lawful.  The Court therefore rejects Defendants' objections.

For the reasons stated above, the Court finds that Defendants' arguments are without merit.  Accordingly, the Court rejects Defendants' objections and adopts Magistrate Judge Stafford's recommendations insofar as they relate to these objections.

## B. Plaintiff's Objection

Plaintiff proposed one objection to Magistrate Judge Stafford's report and recommendation.[2] Plaintiff argues that Magistrate Judge Stafford erred by dismissing Plaintiff's *Monell* claim against Oakland County.  (ECF No. 69,

---

[2] On May 18, 2026, Plaintiff moved to amend his objections. (ECF No. 73.) The Court granted Plaintiff's motion on May 26, 2026. The amended filing narrowed Plaintiff's objections and corrected misstatements of law in the original submission.

PageID.912-15.)  To hold a municipality liable under § 1983, a plaintiff must establish at least one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted)).  Plaintiff's amended submission suggests that he is relying on the third method. (ECF No. 71-1, PageID.956-58.)

The Court finds that Plaintiff has plausibly alleged a *Monell* claim at this stage.  Plaintiff's allegations—taken together with an expert report concluding that the officers' conduct constituted a "substantial deviation from accepted law-enforcement standards"—support a reasonable inference that Oakland County, through the Oakland County Sheriff's Department, failed to adequately train or supervise its employees. (ECF No. 51, PageID.510-14.)

As the nonmoving party, Plaintiff is entitled to have all well-pleaded facts and reasonable inferences accepted as true.  Although the R&R isolates certain sentences and finds them to be conclusory, the amended complaint must be read as a whole. *See Sturgill v. Am. Red Cross*, 114 F.4th 803, 807 (6th Cir. 2024) ("When considering a motion to dismiss, we must accept as true all factual allegations, but

12

need not accept any legal conclusions. And we must take care to read the complaint's allegations as a whole.") (internal citations omitted).  When considered together, Plaintiff's allegations and the expert report plausibly support an inference that Oakland County failed to train and supervise the officers.

The Court accepts Plaintiff's objection and finds that his *Monell* claim against Oakland County may proceed.

### III. Conclusion

For the reasons stated above, the Court rejects Defendants' objections to Magistrate Judge Stafford's R&R. The Court also accepts Plaintiff's sole objection to the R&R. In so accepting, the Court declines Magistrate Judge Stafford's recommendation to dismiss Plaintiff's *Monell* claim.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss is **GRANTED** in Part and **DENIED** in part. Counts III and V are dismissed; Counts I and II as to Defendants Alzayadi, Salyers, and Landeros remain, as well as Plaintiff's *Monell* claim (Count IV).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 8, 2026

13